UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:18-cv-116-FDW

| ELI ALVAREZ, et al., | ) |
| :--- | :--- |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | )  **ORDER** |
| | ) |
| KENNETH LASSITER, et al., | ) |
| | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court *sua sponte* on a status review of this case and on its Order filed on May 15, 2018, (Doc. No. 3).

*Pro se* incarcerated Plaintiffs Eli Alvarez, Givonno Carter, Marvin H. Johnson, Malcolm Tharrington, and Brian L. Martin, Jr., filed a civil rights suit pursuant to 42 U.S.C. § 1983 alleging, *inter alia*, that their forced participation in an RDU Program at Marion Correctional Institution violates their constitutional rights. All the Plaintiffs except for Alvarez failed to file a motion to proceed *in forma pauperis* or pay the filing fee. Further, the Complaint was so seriously deficient that the Court was unable to complete an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915.

On May 15, 2018, the Court ordered Plaintiffs to pay the filing fee or to file applications to proceed *in forma pauperis*, and to file an Amended Complaint signed by all the Plaintiffs within 21 days. (Doc. No. 3). The Court cautioned Plaintiffs that failure to comply with the Order would probably result in dismissal. The Court also informed Plaintiffs that the filing of more than one Amended Complaint would probably result in the opening of separate § 1983 cases.

Plaintiffs have not filed a single Amended Complaint as instructed by the Court. Instead,

1

Amended Complaints have been filed by Plaintiffs Eli Alvarez, (Doc. Nos. 9-1), Givonno Carter, (Doc. No. 11), and Marvin H. Johnson, (Doc. No. 13). Plaintiff Alvarez has also filed a Motion for the Appointment of Counsel, (Doc. No. 6), in which he argues that the Plaintiffs' imprisonment and the number of Plaintiffs involved in the action will greatly limit their ability to litigate this case, and that the eventual separation of Plaintiffs into different prisons or units will make it hard to stay in contact with each other and may lead to repetitious filing of documents.

Rule 21 of the Federal Rules of Civil Procedure permits a court to "sever any claim against a party" and proceed with it separately. Fed. R. Civ. P. 21; see generally Spencer, White & Prentis, Inc. of Conn. v. Pfizer Inc., 498 F.2d 358, 36-62 (2d Cir. 1974) (noting that the "justification for severance is not confined to misjoinder of parties."). Under Rule 21, a court has "virtually unfettered discretion in determining whether or not severance is appropriate." 17th Street Assoc., LLP v. Markel Int'l Ins. Co. Ltd., 373 F.Supp.2d 584, 598 n.9 (E.D. Va. 2005) (quoting Grigsby v. Kane, 250 F.Supp.2d 453, 456 (M.D. Pa. 2003)); see also Weaver v. Marcus, 165 F.2d 862, 864 (4th Cir. 1948) (a Rule 21 ruling is within the district judge's discretion that can be reversed on appeal only when there has been a clear abuse of discretion). On initial review of prisoner complaints pursuant to the PLRA, prisoners' actions should be severed into separate lawsuits if they violate the rules governing joinder. See Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011) (prisoner's complaint that failed to observe the requirements of Rule 20(a)(2) with respect to joinder of parties "should be rejected … either by severing the action into separate lawsuits or by dismissing improperly joined defendants…."); Daker v. Head, 730 Fed. Appx. 765, 768 (11th Cir. 2018) (rather than dismissing prisoner's § 1983 amended complaint, district court should have exercised its authority under Rule 21 to *sua sponte* dismiss improper defendants and sever unrelated claims).

2

The three Plaintiffs who have filed Amended Complaints all name the same Defendants: Director of Prisons Kenneth Lassiter, Marion C.I. Superintendent Hubert Corpening, Case Manager/RDU Programmer Gregory Swink, Assistant Superintendent Donny Watkings, and RDU-Director Jenny Jenkins. These three Plaintiffs allege that they arrived at Marion C.I. and entered the RDU Program there at different times; Alvarez on May 9, 2017, Carter on May 4, 2017, and Johnson on January 26, 2017. Plaintiffs Alvarez and Carter allege that they were forced to "volunteer" for the RDU Program and that they are still unwilling participants. Plaintiff Johnson alleges that he has completed the RDU Program but nevertheless remains in segregation. All three Plaintiffs allege that they have faced various constitutional violations as part of, and outside of, the RDU Program.

Although the Defendants and several theories of the Plaintiffs' cases overlap, their particular claims are distinct. The incidents occurred on different dates and involve specific characteristics of the individual Plaintiffs and their circumstances. Therefore, they fail to satisfy Rule 20(a)(1)(A) and severance is appropriate. See, e.g., Scovil v. Medtronic, Inc., 995 F. Supp. 2d 1082 (D. Ariz. 2014) (granting defendants' motion to sever the claims of two patients against the manufacturer of a surgical device where, although the surgeries involved the same device, the claims arose out of different surgeries performed by difference surgeons, and the patients would not be prejudiced by bringing their claims separately); Proctor v. Applegate, 661 F. Supp. 2d 743 (E.D. Mich. 2009) (severance of state prisoners' § 1983 claims against Michigan Department of Corrections employees and multiple prison facilities was appropriate where they involved separate exhaustion and factual claims, and allowing the claims and parties to proceed together would prejudice the defendants); Papagiannis v. Pontikis, 108 F.R.D. 177, 178–79 (N.D. Ill. 1985) (joinder of plaintiffs who were allegedly bilked in oil well investments was not proper even though

the nature of defendant's alleged misrepresentation to each plaintiff was similar and each plaintiff claimed violation of the same federal law where each of the fraudulent schemes necessarily required individualized proof); Heath v. Bell, 448 F.Supp. 416, 418 (M.D. Pa. 1977) (joinder of federal inmates alleging that the United States Parole Commission was applying its guidelines unlawfully not proper; "For instance, if two petitioners were alleging that they were unlawfully denied parole because of their mutual involvement in a certain incident, that might be an appropriate case for joinder. However, the mere fact that a parole decision is involved is not enough of a connection to satisfy the same transaction requirement").

Moreover, no prejudice will result from severance. The Plaintiffs were cautioned that the filing of separate Amended Complaints would result in severance. Plaintiffs Alvarez, Carter, and Johnson filed separate Amended Complaints, and Defendant Tharrington filed a separate Motion seeking a preliminary injunction, despite this warning. Further, Plaintiff Alvarez acknowledged in his Motion for the Appointment of Counsel that the Plaintiffs' incarceration makes communicating with each other difficult and that changes in housing classification and transfer to other institutions will complicate the joint proceedings and may result in unnecessary and duplicative filings. See, e.g., Costello v. Home Depot U.S.A., Inc., 888 F.Supp.2d 258 (D.Conn. 2012) (judicial economy supported severance of employees' claims against employer where the employees shared the same job description but discovery was not shared among them and separate trials would rely on substantially different evidence).

The Court will exercise its discretion pursuant to Rule 21 and will sever the instant case into five separate actions, one for each Plaintiff, to avoid confusion and to further the interests of fairness and judicial economy.

**IT IS THEREFORE ORDERED** that

(1) This case is severed pursuant to Federal Rules of Civil Procedure 20 and 21.

(2) The instant case shall proceed with Eli Alvarez as Plaintiff. The other Plaintiffs shall be terminated from this case.

(3) The Clerk of Court shall open a new § 1983 civil case for Plaintiff Givonno Carter in which docket entries 1, 3, 4, 5-7, 10, and 11 shall be docketed.

(4) The Clerk of Court shall open a new § 1983 civil case for Plaintiff Marvin H. Johnson in which docket entries 1, 3, 5-6, 12, and 13 shall be docketed.

(5) The Clerk of Court shall open a new § 1983 civil case for Plaintiff Malcolm Tharrington in which copies of docket entries 1, 3, 7, and 8 shall be docketed.

(6) The Clerk of Court shall open a new § 1983 civil case for Plaintiff Brian L. Martin, Jr., in which copies of docket entries 1 and 3 shall be docketed.

(7) The Motions that appear at docket entries 4 and 8 shall be terminated from Plaintiff Alvarez's case.

Signed: September 26, 2018

Frank D. Whitney
Chief United States District Judge