# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:18-cv-275-FDW

| | |
|---|---|
| GIVONNO CARTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| KENNETH LASSITER, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on the Plaintiff's *pro se* Letter, (Doc. No. 23), that is construed as a Motion for Preliminary Injunction, and two additional Motions for Preliminary Injunction, (Doc. Nos. 26, 27).

In the instant lawsuit, Plaintiff complains about the conditions he is allegedly experiencing at Marion C.I. as part of the "RDU" program. He asks the Court to order him transferred to a different facility while the instant suit is pending.

In the Letter that is construed as Plaintiff's First Motion for Preliminary Injunction, Plaintiff seeks transfer to another facility because of "constant violation" of his constitutional rights and cruel and unusual punishment. (Doc. No. 23 at 1). He alleges that he is experiencing "harmful intentional interference with mail and communication." (Id.). Specifically, prison officials have attempted to reject Plaintiff's incoming mail because of white-out on it which, Plaintiff argues, is not a rational reason to deny mail. Plaintiff states that he appealed but he does not say whether or not his appeal was successful. He also alleges that officials "don't always give [him] important needed information and services" such as having his phone account re-set, he receives no response to request forms to trust funds, chaplain, RDU Program Director Swink, and

1

other prison divisions and when he does get a response they do not provide all the information Plaintiff needs. He also claims that Marion C.I. officials lost his money orders for $40 and $31 that he sent out for purchases. He claims that officials have intentionally interfered with communications by depriving him of due process with regards to classification assignment and disciplinary proceedings. Officials have not been informing Plaintiff about when he is supposed to progress through the RDU Program and he is presently in indefinite disciplinary segregation. He also claims that he is being punished with false write-ups for disciplinary infractions. Plaintiff claims that he is not safe at his institution and seeks "protective custody" from Sgt. Styles "because the officials here are a threat to [his] security." (Doc. No. 23 at 5). He claims that he was denied a protective custody form and a transfer to a safe location. Constant violations of his rights, official dereliction, malfeasance, and lack of professionalism risk irreparable harm because he is being negatively affected mentally and emotionally. Plaintiff believes that these acts are occurring in retaliation for his lawsuit and that the conditions amount to torture that can only be stopped through his transfer to another facility.

In his Second Motion for Preliminary Injunction, Plaintiff claims "defamation, malfeasance, disturbing the peace, cruel and unusual punishment, failure to due process in disciplinary proceedings in classification assignments/ the officials keep writing me up for fake write-ups… [and] intentional harmful interference with mail, visitation, and communication." (Doc. No. 26 at 1).

In his Third Motion for Preliminary Injunction, Plaintiff again claims that his rights are being violated every day by inhumane, degrading, and unprofessional conditions. He alleges that his radio was confiscated, he is not being provided with newspapers, he is being subjected to illegal searches and seizures, and that he is being deprived of due process in disciplinary proceedings. He

also claims that he is being written up for no reason and that he was not allowed to take a shower on May 15, 2019, that his privileges were taken away, that his grievances are being ignored, and that foul language is being directed at him.

Plaintiff has alleged various conditions of confinement and asks that he be transferred to another facility while this case is pending. To the extent Plaintiff realleges the claim for preliminary injunctive relief that he already filed, it is denied for the reasons set forth in the Order on initial review. See (Doc. No. 13 at 3). To the extent that Plaintiff raises new allegations, they are insufficient to warrant preliminary injunctive relief.

**IT IS THEREFORE ORDERED** that:

1. Plaintiff's Letter, (Doc. No. 23), is construed as a Motion for Preliminary Injunction and is **DENIED**.

2. Plaintiff's Motions for Preliminary Injunction, (Doc. Nos. 26, 27), are **DENIED**.

Signed: July 15, 2019

Frank D. Whitney
Chief United States District Judge